REGORRAH *v.* VIGNEAU.

VIGNEAU *v.* REGORRAH.

1. ARBITRATION AND AWARD—RESUBMISSION—CONDITIONS—DISCRETION OF COURT.

The ordering of a resubmission of an arbitrated award to arbitrators and the conditions on which resubmission is to be made is a matter for the discretion of the court to which the award had been presented for confirmation (CL 1948, § 645.12).

2. SAME—VACATION OF AWARD—TENDER OF AMOUNT RECEIVED.

A party who has received money under an arbitrator's award to which he is entitled at all events need not plead a tender back as a condition to moving to vacate the award.

3. SAME—RESUBMISSION TO ARBITRATORS—RETURN OF SUM RECEIVED UNDER FIRST AWARD.

Court's submission to arbitrators, who had previously made an award to building contractors in dispute between them and landowners, on sole issue of whether latter had received certain rentals of the property involved, was properly made without requiring contractors to return amount previously received as condition precedent to such resubmission of controversy, where the contractors were entitled to such amount as they had received in any event, the matter of defective contruction having been discussed before the arbitrators at the first hearing.

4. SAME—CONFIRMATION OF ADDITIONAL AWARD.

Court's confirmance of award of arbitrators on second hearing for an additional sum to be paid building contractors by landowners by reason of the buildings having been rented for a longer time than as falsely represented at the first

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 3 Am Jur, Arbitration and Award § 180.
[1–4] Award or decision by arbitrators as precluding return of case to or its reconsideration by them. 104 ALR 710.

hearing is not disturbed, notwithstanding return of amount received under award made on first hearing was not required to be returned as a condition precedent to resubmission of the matter to the arbitrators.

Appeal from Wayne; Webster (Arthur), J. Submitted June 24, 1952. (Docket Nos. 2, 3, Calendar Nos. 45,223, 45,224.) Decided October 6, 1952.

Action by Joseph Regorrah and wife against Raymond Vigneau and another, doing business as Lakeside Construction Company, for damages under building contract.

Action by Raymond Vigneau and another, doing business as Lakeside Construction Company, against Joseph Regorrah and wife for money due under same contract.

Cases submitted to arbitrators who gave award to Construction Company. Award affirmed. Plaintiffs Regorrah appeal. Affirmed.

*Sigmund Jaulus,* for appellants.

*Max H. Horwood,* for appellees.

REID, J. These 2 cases were consolidated in effect but without express order of consolidation, in the submission of the 2 cases to arbitrators and in the confirmation of the award of the arbitrators, which award was made applicable to both cases, and were also consolidated so far as filing of briefs on the appeal to this Court, but the 2 cases were separately appealed to this Court.

On May 25, 1948, Joseph Regorrah and Metha Regorrah, his wife, hereinafter referred to as appellants, began a lawsuit against Raymond Vigneau and William Mazei, copartners doing business as Lake-

side Construction Company, hereinafter referred to
as appellees. The suit was based on a contract dat-
ed December 14, 1945, by which the appellees bound
themselves to construct for appellants Regorrah, a
2-story block building at 15025 to 15035 Grand Riv-
er avenue, in Detroit, to be completed by May 31,
1946, at cost plus 15%, the total not to exceed $77,-
500. Appellants Regorrah claimed damages amount-
ing to $25,000 for defective work, for failure to com-
plete the job and failure to comply with the contract.

Appellees began suit against appellants on June 2,
1948, by praecipe filed and summons issued, basing
their suit on the same building contract above re-
ferred to, claiming performance on the part of them-
selves as builders, and damages for nonpayment,
$11,819.

The cases came on for trial before the circuit court
and at the suggestion of the court the parties agreed
upon an arbitration. Each side of the lawsuits select-
ed an arbitrator and the 2 selected a third arbitrator.
Testimony was taken and an award made to appel-
lees of $4,760.33. Appellees Vigneau and Mazei ac-
cepted the award which was paid them by the appel-
lants. Whereupon, on April 11, 1950, stipulations
were filed and orders were entered dismissing each
of the 2 cases with prejudice.

A few days after the appellees Vigneau and Mazei
had by their stipulations caused the dismissal of both
suits, they discovered that the award in their favor
was considerably less than it should have been, be-
cause of testimony of Joseph Regorrah of nonreceipt
of certain rentals of the building in question. Jo-
seph Regorrah had testified that said building was
not completed until after March, 1948, and that no
rental for the building was collected or received until
February, 1948, which testimony was, after the
award and dismissal of the 2 cases, found to be false.
Vigneau and Mazei, the appellees, promptly after

learning of the falsity of such testimony and of a statement by appellants Regorrahs' attorney supporting Regorrah's testimony, and on April 20, 1950, moved to set aside the stipulations and orders dismissing the 2 cases, and to reinstate the 2 cases. Appellants admitted the matters in appellees' petition.

On May 31, 1950, the court entered an order granting appellees' motion and setting aside the stipulations and orders of dismissal of the 2 cases, reinstating the 2 cases, and ordered that if appellants Regorrah consented, the 2 cases should be resubmitted to the arbitrators who had heard the matter previously, but otherwise the 2 cases were to be tried by the court.

Appellants Regorrah filed a motion June 13, 1950, for rehearing of the motion to set aside the stipulations and orders dismissing the cases with prejudice on the ground that the appellees had accepted the full amount of the award of the arbitrators and had failed to return the same. For reversal by the court of the court's previous order, appellants relied only on the ground that the court should have made a condition precedent to the granting of the petition, the return of said funds received by the appellees from the appellants Regorrah. The motion by appellants was denied July 13, 1950, by the court. Appellants Regorrah consented that the original arbitrators rather than the court hear the matter.

The arbitrators proceeded to a rehearing of the matter and on October 9, 1950, filed their award of $1,500, which the parties very evidently treat and consider as additional to the former award of $4,-760.33 to the appellees Vigneau and Mazei.

The appellants state in their brief:

"We do not in this brief challenge the authority of the court to set aside a stipulation on the claimed fraud or mistake at the arbitration hearing, per se; we do, however, challenge the authority of the court

to set aside the orders of dismissal and the reinstatement of the causes without requiring the appellees to return the money which they received as a condition precedent for the reinstatement of the causes."

CL 1948, § 645.12 (Stat Ann 1943 Rev § 27.2494), is as follows:

"On such application, the court may vacate such award in any of the cases hereinbefore specified, and may, in their discretion, direct a rehearing by the same arbitrators; and in the cases herein specified, the court may modify and correct such award, so as to effect the intent thereof, and to promote justice between the parties."

The ordering of a resubmission and on what conditions, was within the court's discretion.

The appellants claimed that the resubmission of the 2 cases to the arbitrators, amounted to a reopening of the entire subject matter of the 2 cases, and claimed that a matter additional to the amount of the rentals received by Regorrahs and involved on the second hearing, was the refusal of the city authorities to issue a certificate showing that the building had been built in compliance with the city's requirements, because of leakage or other defects. It appears, however, that the defective construction was discussed before the arbitrators during their first hearing. Appellees, in their motion for reinstatement of the 2 cases, requested the resubmission of the 2 cases only because of the fraud, implied (if not express) of Regorrah. The appellants Regorrah did not ask that there be any resubmission of the cases. The court's order granting resubmission did not expressly limit the hearing to the matter of the amount of rentals received by Regorrah, but granted appellees' motion, which was based only on the question of additional rentals collected. The court, in the discussions by the parties before him on the hear-

ing of appellants Regorrahs' petition for rehearing, clearly disclosed to counsel that his understanding was that the rehearing of the 2 cases was only as to the rentals received by Regorrah, all other matters being deemed to have been finally determined by the arbitrators' first award.

"A party who has received money under an award to which he is entitled at all events need not plead a tender back as a condition to moving to vacate the award." 6 CJS, p 262.

The court in the instant case did not abuse the discretion granted him by the statute.

We affirm the order appealed from confirming the award by the arbitrators on the second hearing. Costs to appellees.

Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.

The late Chief Justice North did not sit.